# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICAH I. HARRIS, | Civil Action No. 14-cv-0876 |
| Petitioner, | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

This action was initiated upon the filing of a 28 U.S.C § 2254 Petition for Emergency Writ of Habeas Corpus, (ECF No.1.) Petitioner, who is a pretrial detainee at the Allegheny County Jail, alleges that he "was deprived of his constitutional right to confront and cross-examine an adverse witness at his May 14, 2014 preliminary hearing." Pet. at 2. The only request pending before this Court is in essence a request that this Court interfere in Petitioner's ongoing state court criminal proceeding

## DISCUSSION

As a preliminary matter, Harris' petition is not cognizable under 28 U.S.C. § 2254 and must instead be construed as a petition for section 2241 relief. Because a pretrial detainee is not "in custody" pursuant to a state court judgment, section 2254 relief is unavailable. Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." *See* 28 U.S.C. § 2241(c)(3). Because Harris is a pretrial detainee at the Allegheny County Jail, the Court construes the instant petition to be a section 2241 petition.

1

Harris is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal habeas review. Exhaustion is a statutory requirement in the case of section 2254 and a common-law requirement in the case of section 2241. *Braden v. 30th Jud. Cir.*, 410 U.S. 484, 488–89 (1973). The exhaustion requirement is the same for sections 2254 and 2241.

To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the state courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor,* 404 U.S. 270, 275–77 (1971); *see O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B); *see Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

Harris states in his Petition that he has also "filed a petition for emergency writ of habeas corpus to the Pennsylvania Court of Common Pleas and they have not yet responded." An independent review by the Court of Petitioner's state court criminal docket reflects that Petitioner filed an emergency petition on June 11, 2014, and that such petition remains pending. A pre-trial conference is scheduled before Judge Joseph K. Williams III on August 1, 2014.

Harris has failed to exhaust his state court remedy and instead has petitioned directly for this Court's intervention. This Court lacks the authority to resolve Harris's pretrial release issues because the Pennsylvania courts have not yet been given the fair opportunity to do so. Further,

Harris has failed to allege that state court remedies are unavailable or that such remedies are ineffective.

Finally, to the extent that Harris seeks to have this Court interfere in his state criminal proceedings, this Court declines to do so. Absent extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. *Younger v. Harris*, 401 U.S. 37 (1971). If the relief sought "would create an undue interference with state [criminal] proceedings," it is generally prohibited by the *Younger* doctrine. *Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1250 (11th Cir.), *cert. denied,* —— U.S. ——, 130 S. Ct. 199 (2009).

There are three exceptions to the *Younger* doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Younger*, 401 U.S. at 53–54. Petitioner's filing does not allege facts that support a finding that this case should be excepted from the application of the *Younger* doctrine. Therefore, the *Younger* abstention doctrine applies, and this Court will not interfere in Petitioner's ongoing state criminal proceedings.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this __16th__ day of July, 2014, it is hereby **ORDERED** that Harris's petition is dismissed. The Clerk is directed to close this case.

BY THE COURT:

*Maurice B. Cohill, Jr.*

United States District Judge


cc: Micah I. Harris
DOC # 152185
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219

4